1  Steven L. Bryson, Esq.
   **LAW OFFICE OF STEVEN L. BRYSON**
2  **11150 W. Olympic Blvd., Ste. 1120**
   **Los Angeles, CA 90064**
3  **(310) 477-4555 – phone**
   **(310) 473-4556 – fax**
4  **office@stevebryson.com**
   **Bar #86014**
5  **Attorney for Debtor**

6

7

8              **UNITED STATES BANKRUPTCY COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
9

10 In re:                              ) Chapter 13
                                       ) Case No.: 1:17-bk-13196-MT
11                                     )
                                       ) NOTICE OF MOTION AND MOTION FOR
12 ISAAC NESSIM AZOULAY,               ) AN ORDER TO SHOW CAUSE RE: CIVIL
                                       ) CONTEMPT AND FOR AN ORDER
13              Debtor.                ) HOLDING ELEONOR GOLDRING IN
                                       ) CIVIL CONTEMPT: MEMORANDUM OF
14                                     ) POINTS AND AUTHORITIES;
                                       ) DECLARATION OF STEVEN L.
15                                     ) BRYSON; DECLARATION OF ISAAC
                                       ) AZOULAY IN SUPPORT
16                                     )
                                       ) Date: [To be set by Court]
17                                     ) Time: [To be set by Court]
                                       ) Place: 21041Burbank Blvd., Crtrm 302
18                                     )        Woodland Hills, CA 91367
                                       )
19                                     ) [PROPOSED ORDER TO SHOW CAUSE
                                       ) RE: CIVIL CONTEMPT LODGED
20                                     ) SEPARATELY]
                                       )
21 _____ )

22 TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE;

23 THE CHAPTER 13 TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:

24        PLEASE TAKE NOTICE that the Debtor ISAAC NESSIM AZOULAY (hereinafter

25 referred to as "Debtor"), by and through his counsel of record STEVEN L. BRYSON,

26 hereby moves the Court pursuant to 11 U.S.C. §1301(a), Federal Rule of Bankruptcy

27 Procedure 9020, and Local Bankruptcy Rule 9020-1 for an Order to Show Cause why

28 Eleonor Goldring should not be held in civil contempt for her failure to comply with the

Co-Debtor stay under 11 U.S.C. § 1301(a) of the Bankruptcy Code, and ordered to pay monetary sanctions to the Debtor, in an amount to be determined for actual damages and punitive damages resulting from her willful conduct. In addition, the Debtor seeks an Order continuing to hold Eleonor Goldring in civil contempt unless and until she affirmatively and completely vacates all collection actions taken by her that violated the provisions of this Bankruptcy Code section.

The grounds for this Motion are that Eleonor Goldring had actual notice of the bankruptcy filing of the Debtor and in addition, was warned by counsel for the Debtor three (3) separate times that her collection activity violated the specific provision of the Bankruptcy Code set forth herein. In spite of the actual notice of the bankruptcy proceeding, and the three (3) separate notifications, Eleonor Goldring has continued her State Court proceeding against both the Debtor and his non-filing spouse, Hanna Bick, the Co-Debtor herein.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9020-1, Eleonor Goldring has seven (7) days to object to the issuance of the Proposed Order to Show Cause re: Civil Contempt ("OSC") lodged separately and served concurrently herewith. In the event Eleonor Goldring does not object to the issuance of the OSC, the Court may issue the OSC and schedule a hearing thereon. Upon issuance of an OSC, the Debtor will serve Eleonor Goldring with the OSC setting the date and time of the hearing thereon, as well as the time for her to file and serve a responsive pleading and for the Debtor to file and serve a reply thereto.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Isaac Nessim Azoulay and Steven L. Bryson filed and served concurrently herewith, the record in this Chapter 13 proceeding, the arguments and representations of counsel, and any oral or documentary evidence presented at the time of the hearing of this Motion or of which this Court may take judicial notice.

///

1    WHEREFORE, the Debtor requests that the Court 1) issue an OSC and

2  schedule a hearing thereon; 2) hold Eleonor Goldring in civil contempt for willfully

3  violating 11 U.S.C. §1301(a) of the Bankruptcy Code; 3) award the Debtor actual

4  damages for legal fees incurred by him in bringing this matter to the attention of the

5  Bankruptcy Court in an amount to be submitted to the Court by subsequent declaration;

6  4) award the Debtor punitive damages for the willful refusal of Eleonor Goldring to

7  respond to the three (3) separate attempts by the Debtor to solicit compliance from

8  Eleonor Goldring to comply with the Bankruptcy Code; 5) Order Eleonor Goldring to

9  vacate any and all collection actions taken by her in State Court and specifically in

10  Superior Court Case No. 20 VESC00353 that violated the Co-Debtor stay provisions of

11  11 U.S.C. § 1301(a); and 6) grant such other and further relief as the Court deems just

12  and proper.

13

14                                      Respectfully submitted,

15                                      LAW OFFICE OF STEVEN L. BRYSON

16

17  Dated: 11/19/2020

18                                      Steven L. Bryson, Esq.

19

20

21

22

23

24

25

26

27

28

Steven L. Bryson, Esq.
**LAW OFFICE OF STEVEN L. BRYSON**
11150 W. Olympic Blvd., Ste. 1120
Los Angeles, CA 90064
(310) 477-4555 – phone
(310) 473-4556 – fax
office@stevebryson.com
Bar #86014
**Attorney for Debtor**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

ISAAC NESSIM AZOULAY,

              Debtor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 13
Case No.: 1:17-bk-13196-MT

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION FOR AN ORDER TO SHOW
CAUSE RE: CIVIL CONTEMPT AND FOR
AN ORDER HOLDING ELEONOR
GOLDRING IN CIVIL CONTEMPT

Date: [To be set by Court]
Time: [To be set by Court]
Place: 21041Burbank Blvd., Crtrm 302
      Woodland Hills, CA  91367

[PROPOSED ORDER TO SHOW CAUSE
RE: CIVIL CONTEMPT LODGED
SEPARATELY]

I

## INTRODUCTION

The Debtor herein filed a Chapter 13 bankruptcy case on 11/29/2017. Prior to said filing, the Debtor and his non-filing spouse, Hanna Bick, were each obligated under a month-to-month consumer residential lease agreement with Eleonor Goldring. At the time of the filing, both the Debtor and his non-filing spouse were current on all monthly lease obligations.

At some point subsequent to filing, an issue arose between the Debtor, his non-filing spouse, and Eleonor Goldring regarding the habitancy of the premises. The Debtor and his non-filing spouse were forced to relocate. Each had claims against the other pertaining to damages sustained by the Debtor and his spouse to the premises and to their personal property requiring them to vacate; and by Eleonor Goldring for non-payment of rent during this time.

As a result of these issues, Eleonor Goldring caused to be filed, on behalf of her company L.A. City Investments, LLC, a Motion for Relief from Stay seeking eviction of the Debtor. (See Exhibit "1"). This Motion specifically failed to request relief from the co-debtor stay as to the Debtor's non-filing spouse, Hanna Bick. An Amended Order Granting Motion for Relief from Stay was ultimately issued by the Court on August 14, 2018. (See Exhibit "7"). That Order specifically did not grant relief from the co-debtor stay as it would apply to Hanna Bick, the Co-Debtor of Isaac Azoulay.

On or about January, 2020, both the Debtor and his non-filing spouse, Hanna Bick, were served with a State Court Complaint by Plaintiff Eleonor Goldring, Case No. 20 VESC00353. (See Exhibit "8"). In response to this Complaint, Eleonor Goldring was served with a "Notice of Bankruptcy Stay." This Notice specifically referred Eleonor Goldring to the stay violation under 11 U.S.C. §1301(a) as it related to the Debtor's non-filing spouse, Hanna Bick. (See Exhibit "10").

Eleonor Goldring ceased further collection activity as to the Debtor and his spouse until on or about September, 2020, when the Debtor and his Co-Debtor spouse were notified of a State Court proceeding that was pending trial on 9/25/2020, entitled "Eleonor Goldring v. Isaac Nessim Azoulay and Hanna Bick Azoulay," Case No. 20 VESC00353. Both the Debtor and his spouse appeared at this State Court proceeding, which resulted in a judgment against each of them in the principal amount of $10,000.00 and costs of $325.00 for a total judgment of $10,325.00, joint and several. (See Exhibit "11"). Both the Debtor and his spouse were not allowed to present evidence on their behalf at this hearing because the Court determined it was "untimely filed."

1    On October 10, 2020, after this judgment was rendered and Debtor's bankruptcy

2  counsel notified, a second notice was sent to Eleonor Goldring specifically advising her

3  that 11 U.S.C. §1301(a) of the Bankruptcy Code had apparently been violated by her

4  and that the State Court judgment rendered on 9/25/2020 should be vacated as a result.

5  (See Exhibit "12").

6    This notice also specifically advised Eleonor Goldring that failure to respond

7  could result in a request that legal fees incurred by the Debtor be borne by her.  No

8  response was received by Debtor's bankruptcy counsel to this second notice.

9    On October 23, 2020, a third and final notice was sent to Eleonor Goldring again

10  advising her that 11 U.S.C. §1301(a) of the Bankruptcy Code had apparently been

11  violated by her and that the State Court judgment rendered in her favor against the Co-

12  Debtor Hanna Bick should be dismissed or vacated.  She was specifically warned that

13  bankruptcy counsel for the Debtor would file a Motion for Contempt against her and that

14  said violation would seek attorney's fees and costs for the bringing of such motion.

15  (See Exhibit "13").  No response was received by Debtor's bankruptcy counsel to this

16  third and final notice.

17                                   II

18                    **ELEONOR GOLDRING WILLFULLY**

19                    **VIOLATED THE CO-DEBTOR STAY**

20                    **UNDER 11 U.S.C. §1301(a)**

21    As set forth in the Declaration of Steven L. Bryson, Eleonor Goldring obtained

22  relief from the automatic stay under 11 U.S.C. §362 to proceed against the Debtor,

23  Isaac Azoulay.  She did not, however, request, nor did she obtain, relief from the co-

24  debtor stay under 11 U.S.C. §1301(a) to proceed against the Co-Debtor, Hanna Bick.

25    Eleonor Goldring was advised repeatedly that her actions in proceeding against

26  Hanna Bick violated Section 1301(a) of the Bankruptcy Code.  In spite of these three (3)

27  separate written notices, (one of which was sent as a courtesy to her prior bankruptcy

28  counsel Lane M. Nussbaum), Ms. Goldring has persisted in pursuing and maintaining

1  her State Court judgment against both the Debtor and his Co-Debtor spouse, Hanna
2  Bick.

3                                    III

## THE CO-DEBTOR STAY OF 11 U.S.C. §1301(a)
## APPLYS IN THIS FACTUAL SITUATION

6        The co-debtor stay of §1301(a) enjoins a creditor from taking legal action to
7  "collect any part of a consumer debt of the debtor from any individual that is liable on
8  such debt with the debtor, or that secured such debt." Accordingly, there are three
9  elements that must be satisfied for the co-debtor stay to apply: (1) the debt must be a
10  consumer debt; (2) the consumer debt at issue must be a debt of the debtor, and (3) the
11  co-debtor must be liable on the debt with the debtor. See In re Fadel, 492 BR 1, (9th Cir
12  BAP, 2013).

13        Under 11 U.S.C. §101(8), a consumer debt is one incurred for "personal, family,
14  or household purposes." As set forth in the Declaration of Isaac Azoulay attached
15  hereto, the debt referenced herein was incurred by both the Debtor and his spouse as a
16  rental obligation for a personal residence.

17        As further set forth in the Declaration of Isaac Azoulay, the rental obligation was
18  signed by both him and his spouse, Hanna Bick. Therefore, element (2) of the co-
19  debtor stay requirements is satisfied.

20        Finally, as noted by both the Debtor in his Declaration and by creditor Eleonor
21  Goldring in her State Court complaint, Hanna Bick is liable on the debt claimed and
22  pursued by Eleonor Goldring.

23                                    IV

## 11 U.S.C. §105 PROVIDES CIVIL CONTEMPT
## AUTHORITY FOR §1301(a) VIOLATIONS

26        Contempt proceedings are governed by Rule 9020, which states that Rule 9014
27  governs a Motion for an Order of Contempt. In re Dyer, 322 F.3d 1178 (9th Cir. 2003).
28  ///

1    In determining whether a party is in civil contempt, the movant bears the burden

2    of showing by clear and convincing evidence that the contemnor violated a specific and

3    definite order of the Bankruptcy Court. If the movant meets this showing, the burden

4    shifts to the contemnor to explain its inability to comply. See In re Wallace, 490 B.R.

5    898 at 905 (9th Cir. BAP 2013).

6    The Declaration of Bryson clearly evidences the continuation of a State Court

7    proceeding against the Co-Debtor Hanna Bick in violation of 11 U.S.C. §1301(a) in spite

8    of numerous attempts to stop her actions and obtain a cessation of same. And, as

9    noted in the Declaration of Bryson, Eleonor Goldring never responded with an

10   explanation for her continued illegal collection activity.

11                                    V

12   **THE COLLECTION ACTIONS OF ELEONOR GOLDRING**

13   **SHOULD BE DEEMED "VOID" BY THIS COURT**

14   It is clear that in this district, violations of the automatic stay under 11 U.S.C.

15   §362 are void, not voidable. See In re Schwartz, 954 F. 2d 569 (9th Cir. 1992). The

16   Schwartz Court noted that "…the Bankruptcy Code does not burden the debtor with a

17   duty to take additional steps to secure the benefit of the automatic stay. Those taking

18   post-petition actions have the burden of obtaining relief from the stay." In re Schwartz,

19   Supra 954 at 572.

20   In like manner, Eleonor Goldring should not be rewarded by allowing a State

21   Court judgment to remain when obtained by a willful violation of the co-debtor stay

22   provided under 11 U.S.C. §1301(a). Accordingly, any judgment rendered in her favor in

23   State Court proceeding 20 VESC00353 should and must be deemed void.

24                                    VI

25   **THE DEBTOR IS ENTITLED TO DAMAGES**

26   **UNDER THE BANKRUPTCY CODE**

27   Sanctions for civil contempt may be imposed based on one or both of the

28   following: (1) to compel or coerce obedience with respect to a court order; or (2) to

compensate the opposing party for damages resulting from the contemnor's

noncompliance. See Dyer, 322 F.3d at 1195. A person fails to act when they fail to

take reasonable steps within their power to ensure compliance with a court order.

Shuffler v. Heritage Bank, 720 F.2d 1141 (9th Cir. 1983).

In the matter now before this Court, Eleonor Goldring has actively and willfully

ignored and violated 11 U.S.C. §1301(a) of the Bankruptcy Code. And, in addition, she

has specifically ignored not one, two, but three separate notices not only warning her of

the violation, but also warning her that her continued violations of this bankruptcy code

provision would result in a request for actual damages, including attorney fees. In spite

of these warnings, she has chosen to proceed.

Consequently, the Debtor is entitled to actual damages, including attorney fees

and costs incurred by him, in responding to the collection activities of Eleonor Goldring

including the filing of this Motion for Contempt.

## VII

## THE DEBTOR IS ENTITLED TO PUNITIVE DAMAGES
## RESULTING FROM THE WILLFUL, RECKLESS,
## AND CALLOUS VIOLATION OF THE CO-DEBTOR STAY

As set forth in 11 U.S.C. §362(k)(1), an award of "punitive damages" may be

awarded "in appropriate circumstances."

Pursuant to this Court's power inherent in 11 U.S.C. §105(a), the facts alleged in

this Motion do indicate circumstances that would call for the imposition of "punitive

damages" in the context of a §1301(a) violation.

The Ninth Circuit has approved the imposition of punitive damages in Goichman

v. Bloom (In re Bloom), 875 F.2d 224 (9th Cir. 1989). In that decision, the Court

observed that it has "traditionally been reluctant to grant punitive damages absent some

showing of reckless or callous disregard for the law or rights of others." Id. at 228. In

approving an award of punitive damages, the Bloom Court noted that the creditor had

taken several steps in pending litigation after receiving formal notice that it was violating

1  the stay and "blatantly attempted to circumvent the jurisdiction of the bankruptcy court

2  by filing an [unjustified] motion to withdraw the reference." Id.  One fair reading of the

3  "reckless or careless disregard" standard in Bloom, therefore, apparently refers to a

4  creditor's abuse of the legal process, not to the general negligence or failure in business

5  record-keeping that the Bankruptcy Court determined was at the root of the creditor's

6  faults in this case.

7       In this case, Eleonor Goldring was clearly aware that the co-debtor stay was in

8  effect.  Once she knew of the co-debtor stay, her continued collection activity

9  constituted a willful violation of same.  And,…

10         "Once a creditor knows that the automatic stay exists, the creditor

11         bears the risk of all intentional acts that violate the automatic stay

12         regardless of whether the creditor means to violate the automatic stay."

13         In re Campion, 294 B.R. 313, 318 (9th Cir. BAP 2003).

14  Eleonor Goldring knew of the bankruptcy stay and continued her collection

15  activities to the point of a State Court judgment rendered on her behalf.  This activity

16  establishes not only a willful violation, but also reckless and callous disregard for the law

17  and for the rights of the Co-Debtor to be protected from such action.  Accordingly,

18  punitive damages are in order.

19       As set forth in Southern Union Co. v. Irvin, 563 F.3d 788 (9th Cir. 2009), a

20  reasonable punitive damage award would be three times the actual damages imposed

21  by the Court.

22         "…as we see it, the Constitution permits a three to one ratio of punitive to

23         compensatory damages in this case…In selecting this ratio, we have

24         considered whether the amount of punitive damages it results in is

25         commensurate with achieving the two purposes we have mentioned ((1)

26         the degree of responsibility of the defendant's misconduct, and (2) the

27         disparity between the actual or potential harm suffered by the plaintiff and

28

1    the punitive damages award) without exceeding the constitutional limit.

2    <u>Southern Union Co. v. Irvin</u>, 536 F.3d 788 at 792.

3        Accordingly, it is appropriate that upon a determination of the actual damages

4    sustained by and to the Debtor, a punitive damage award of three (3) times that amount

5    be awarded as a deterrent to Eleonor Goldring for her continued willful, reckless, and

6    callous disregard for the co-debtor stay provided by 11 U.S.C. §1301(a).

7                                    **VIII**

8                              **CONCLUSION**

9        The Debtor and his Co-Debtor spouse have been significantly harmed by the

10    callous, reckless, and willful violation of the co-debtor stay commenced by Eleonor

11    Goldring.

12        The Debtor and his Co-Debtor spouse are entitled to actual and punitive

13    damages from this continuing violation in an amount to be determined by this Court.

14        Furthermore, this Court should issue an Order vacating any and all State Court

15    proceedings taken by Eleonor Goldring that violated the co-debtor stay.

16

17                                Respectfully submitted,

18                                LAW OFFICE OF STEVEN L. BRYSON

19

20    Dated:  11/19/2020

21                                Steven L. Bryson, Esq.
                                 Attorney for Movant
22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Motion for an Order to Show Cause
Re: Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt - 8

1  Steven L. Bryson, Esq.
   LAW OFFICE OF STEVEN L. BRYSON
2  11150 W. Olympic Blvd., Ste. 1120
   Los Angeles, CA 90064
3  (310) 477-4555 – phone
   (310) 473-4556 – fax
4  office@stevebryson.com
   Bar #86014
5  Attorney for Debtor

6

7

8              UNITED STATES BANKRUPTCY COURT
                CENTRAL DISTRICT OF CALIFORNIA
9

10  In re:                          ) Chapter 13
                                    ) Case No.: 1:17-bk-13196-MT
11                                  )
                                    ) DECLARATION OF STEVEN L. BRYSON
12  ISAAC NESSIM AZOULAY,           ) IN SUPPORT OF MOTION FOR AN
                                    ) ORDER TO SHOW CAUSE RE: CIVIL
13                    Debtor.       ) CONTEMPT AND FOR AN ORDER
                                    ) HOLDING ELEONOR GOLDRING IN
14                                  ) CIVIL CONTEMPT: MEMORANDUM OF
                                    ) POINTS AND AUTHORITIES;
15                                  ) DECLARATION OF ISAAC AZOULAY IN
                                    ) SUPPORT
16                                  )
                                      Date: [To be set by Court]
17                                    Time: [To be set by Court]
                                      Place: 21041Burbank Blvd., Crtrm 302
18                                            Woodland Hills, CA  91367

19                                    [PROPOSED ORDER TO SHOW CAUSE
                                      RE: CIVIL CONTEMPT LODGED
20                                    SEPARATELY]

21  _____

22  I, STEVEN L. BRYSON, hereby declare as follows:

23  1.      I am the attorney of record for ISAAC NESSIM AZOULAY, Debtor herein.  The

24  following information is personally known to me.  If called as a witness, I could

25  competently testify thereto.

26  2.      On 11/29/2017, I caused to be filed, on behalf of the Debtor, a Chapter 13

27  bankruptcy petition, Case No. 1:17-bk-13196-MT.  This case was confirmed by the

28  Court on 8/13/2018.

   Declaration of Steven L. Bryson in Support of Motion for an Order to Show Cause Re:

      Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt - 1

3.    At the time the case was filed, the Debtor resided, along with his non-filing spouse, Hanna Bick, at 5243 Yarmouth Ave., No. 21, Encino, CA 91316.

4.    On 6/26/2018 a Motion for Relief was filed against the Debtor by landlord L.A. City Investments, LLC as Docket No. 25 seeking permission to commence an Unlawful Detainer proceeding against the Debtor.  A true and correct copy of this Notice of Motion and Motion is attached hereto as Exhibit "1" and is incorporated herein by this reference.  The Declaration in Support of the Motion was signed by Eleonor Goldring, as the manager and authorized agent for the Movant.

5.    A Response to this Motion was filed by the Debtor as Docket No. 27 to this Motion.  A true and correct copy of this Response is attached hereto as Exhibit "2" and is incorporated herein by this reference.

6.    On 7/24/2018, an Order was lodged by the landlord as Docket No. 28 providing for termination of the stay as to the Debtor and his estate.  It specifically did not provide for relief under 11 U.S.C. §1301(a) as to the Debtor's spouse, Hanna Bick.  A true and correct copy of this lodged Order is attached hereto as Exhibit "3" and is incorporated herein by this reference.

7.    On 7/27/2018, the Debtor filed an Opposition to the form of the Order for Relief from Automatic Stay as Docket No. 30 requesting an alternative Order be utilized by the Court.  A true and correct copy of this Opposition is attached hereto as Exhibit "4" and is incorporated herein by this reference.

8.    On 7/27/2018, the Debtor filed a Proposed Alternative Order Granting Motion for Relief as Docket No. 31.  The intent of the Proposed Alternative Order was to give the Debtor a specific time to vacate before lockout.  A true and correct copy of this Proposed Alternative Order is attached hereto as Exhibit "5" and is incorporated herein by this reference.

///

///

///

9.    On 8/2/2018, the Court signed an Order Granting the Motion for Relief on behalf of Movant Magnum Property Investments, LLC as to the Motion filed by L.A. City Investments, LLC as Docket No. 33.  No assignment or other transfer documents were filed documenting the relationship between L.A. City Investments, LLC and Magnum Property Investments, LLC.  A true and correct copy of this Order is attached hereto as Exhibit "6" and is incorporated herein by this reference.

10.   On 8/14/2018, the Court signed an Amended Order Granting Motion for Relief from Stay under §362 (Unlawful Detainer) as Docket No. 38.  This Amended Order granted relief as to L.A. City Investments, LLC.  It further allowed Movant L.A. City Investments, LLC to enforce its remedies to obtain possession of the premises, but not to pursue any monetary claim against the Debtor for amounts attributable to the period before the bankruptcy was filed except by the filing of a Proof of Claim.

11.   This Amended Order, signed by the Court, specifically did not provide for a termination of the Co-Debtor stay of 11 U.S.C. §1301(a).  A true and correct copy of this Amended Order is attached hereto as Exhibit "7" and is incorporated herein by this reference.

12.   On 1/24/2020, a Small Claims Court action was filed by Eleonor Goldring against both the Debtor and his non-filing spouse, Hanna Bick, State Court Case No. 20VESC00353 in the Los Angeles/Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, CA 91401.  A hearing was scheduled on 3/18/2020 by the Clerk of the Court. Eleonor Goldring has never obtained relief from the automatic stay as an individual to proceed against the Debtor.  Eleonor Goldring has never obtained relief, either as an individual nor as a legal entity, to proceed against the Co-Debtor, Hanna Bick, spouse of the Debtor.  A true and correct copy of this Small Claims State Court proceeding is attached hereto as Exhibit "8" and is incorporated herein by this reference.

///

///

///

13.     On 3/6/2020, I note that the same case number in State Court was apparently re-filed by Eleonor Goldring against both the Debtor and his non-filing spouse. A true and correct copy of this filing is attached hereto as Exhibit "9" and is incorporated herein by this reference.

14.     When I was made aware of the State Court proceedings against both the Debtor and his non-filing spouse, Hanna Bick, I caused to be sent to Ms. Goldring notice that she did not have the Bankruptcy Court's permission to proceed against the Co-Debtor in this bankruptcy proceeding. A true and correct copy of this initial Notice of Bankruptcy Stay was sent to Ms. Goldring on 4/22/2020 and is attached hereto as Exhibit "10" and is incorporated herein by this reference. No response was received from Ms. Goldring concerning this Notice.

15.     On or about 9/25/2020, I received a communication from the Debtor that both he and his Co-Debtor spouse were told to appear at a hearing in State Court. The matter being heard was State Court proceeding 20VESC00353, filed by Eleonor Goldring against both the Debtor and his spouse, the same matter previously filed by Ms. Goldring and apparently continued a number of months to the 9/25/2020 date. The Debtor provided a transcript of the proceedings held on that day, along with a State Court Order, entering judgment for Eleonor Goldring against Defendant Isaac Nessim Azoulay and Defendant Hanna Bick Azoulay in the amount of $10,000.00 plus costs of $325.00 for a total judgment of $10,325.00, joint and several. A true and correct copy of the transcript of proceedings, the Court Judgment, the Notice of Entry of Judgment, and the Certificate of Mailing are collectively attached hereto as Exhibit "11" and are incorporated herein by this reference.

///

///

///

///

///

Declaration of Steven L. Bryson in Support of Motion for an Order to Show Cause Re:

Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt - 4

16.    When I became aware of this State Court judgment rendered against both the Debtor and his non-filing spouse, I sent a letter to Ms. Goldring on October 10, 2020 advising her that she did not have permission from the Bankruptcy Court to proceed against the Co-Debtor, Hanna Bick. I requested that the Judgment be vacated. I specifically noted that failure to do so could result in damages assessed against her. A true and correct copy of this second notice issued to Ms. Goldring is attached hereto as Exhibit "12" and is incorporated herein by this reference.

17.    I received no response from Ms. Goldring to my second notification to her of the stay violation. As a result, on October 23, 2020, I sent a third notice to Ms. Goldring again requesting that the State Court Order be vacated by her. In addition to sending this third notice to Ms. Goldring, I also sent the notice to her prior bankruptcy counsel, Lane Nussbaum, hoping her prior counsel would assist her in resolving this matter without Bankruptcy Court assistance. As of the date of this Declaration, I have received no response from Ms. Goldring nor from her prior counsel, Lane Nussbaum. A true and correct copy of this third notice is attached hereto as Exhibit "13" and is incorporated herein by this reference.

18.    It is my understanding that the Debtor and his spouse have requested a Trial De Novo of this State Court proceeding, and that a trial has been scheduled for 11/9/2020 at 8:30 a.m. in Department H of the Northwest District, Van Nuys East Courthouse. The Debtor and his spouse intend to hire State Court counsel in this proceeding to assist them in their defense pending the decision of the Bankruptcy Court concerning the violation of stay issues. A true and correct copy of the Notice of Hearing on Small Claims Appeal filed 10/8/2020 is attached hereto as Exhibit "14" and is incorporated herein by this reference.

///

///

///

///

Declaration of Steven L. Bryson in Support of Motion for an Order to Show Cause Re:

Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt - 5

1        I declare under penalty of perjury that the foregoing is true and correct and this

2  Declaration is executed this ____18____ day of ____November____, 2020, at Los Angeles,

3  California.

4

5                                            Steven L. Bryson, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Steven L. Bryson in Support of Motion for an Order to Show Cause Re:

Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt – 6

1  Steven L. Bryson, Esq.
   LAW OFFICE OF STEVEN L. BRYSON
2  11150 W. Olympic Blvd., Ste. 1120
   Los Angeles, CA 90064
3  (310) 477-4555 – phone
   (310) 473-4556 – fax
4  office@stevebryson.com
   Bar #86014
5  Attorney for Debtor

6

7

8                    UNITED STATES BANKRUPTCY COURT
                      CENTRAL DISTRICT OF CALIFORNIA
9

10  In re:                                     )   Chapter 13
                                               )   Case No.: 1:17-bk-13196-MT
11                                             )
                                               )   DECLARATION OF ISAAC AZOULAY IN
12  ISAAC NESSIM AZOULAY,                      )   SUPPORT OF MOTION FOR AN ORDER
                                               )   TO SHOW CAUSE RE: CIVIL
13                    Debtor.                   )   CONTEMPT AND FOR AN ORDER
                                               )   HOLDING ELEONOR GOLDRING IN
14                                             )   CIVIL CONTEMPT
                                               )
15                                             )
                                               )   Date: [To be set by Court]
16                                             )   Time: [To be set by Court]
                                               )   Place: 21041 Burbank Blvd., Crtrm 302
17                                             )          Woodland Hills, CA  91367
                                               )
18                                             )   [PROPOSED ORDER TO SHOW CAUSE
                                               )   RE: CIVIL CONTEMPT LODGED
19                                             )   SEPARATELY]

20  I, ISAAC NESSIM AZOULAY, hereby declare as follows:

21  1.    I am the Debtor in the above-captioned matter.  The following information is

22  personally known to me.  If called as a witness, I could competently testify thereto.

23  2.    On or about  MAY 3, 2014, both my wife, Hanna Bick, and I entered into a

24  residential lease agreement with Eleonor Goldring for Apartment No. 21, located at

25  5243 Yarmouth Avenue, Los Angeles, CA 91316.  Both of us signed the lease and both

26  of us were liable under the lease agreement.  We paid monthly rent from our community

27  income to Ms. Goldring.

28  ///

Declaration of Isaac Azoulay in Support of Motion for an Order to Show Cause Re: Civil

        Contempt and for an Order Holding Eleonor Goldring in Civil Contempt - 1

3.      We continued to pay monthly rent for our leased unit until the unit was damaged by water and become uninhabitable.  We were forced to move and find another living situation after considerable damage to our personal property and considerable cost to us resulting from the need to move.

4.      As a result of the complaint filed by Eleonor Goldring against myself and my spouse, Hanna Bick, I have been forced to retain State Court counsel to assist.  This expense will be documented by me and supplied to the Court as requested.

I declare under penalty of perjury that the foregoing is true and correct and this Declaration is executed this ___17th___ day of ___November___, 2020, at Los Angeles, California.

_____
Isaac Nessim Azoulay

Declaration of Isaac Azoulay in Support of Motion for an Order to Show Cause Re: Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt – 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Law Office of Steven L. Bryson

11150 W. Olympic Blvd., #1120, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*):  Notice of Motion and Motion for an Order to
Show Cause Re: Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt: Memorandum of
Points and Authorities; Declaration of Steven L. Bryson; Declaration of Isaac Azoulay

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/02/2020_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

See NEF for confirmation of electronic transmission to the U.S. Trustee and any trustee in this case, and to any
attorneys who receive service by NEF.

☑ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*)  12/02/2020_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Maureen A. Tighe, 21041 Burbank Boulevard, Suite 324, Woodland Hills, CA 91367

Debtor: Isaac Azoulay, 12720 Burbank Blvd., Unit 127, Valley Village, CA  91607

☑ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/2/2020 | Emily Murphy | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

In re: Case 1:17-bk-13196-MT    Doc 79    Filed 12/02/20    Entered 12/02/20 00:09:30    Desc
Isaac Nessim Azoulay    Main Document    Page 21 of 21 CHAPTER: 13

Debtor(s).    CASE NUMBER: 1:17-bk-13196-MT

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. To be Served by the Court Via NEF continued:

Steven L Bryson    slblaw1@aol.com, ecf.SLB@gmail.com
Gary J Holt    centralecf@gmail.com, G2810@notify.cincompass.com
Lane M Nussbaum    lnussbaum@nussbaumapc.com, info@nussbaumapc.com
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

2. Served by U.S. Mail continued:

Eleonor Goldring
8424 Santa Monica Blvd., #A816
West Hollywood, CA 90069

Lane M. Nussbaum
27489 Agoura Rd., Ste. 102
Agoura Hills, CA 91301

Richard Jacobs
13512 Hatteras St.
Van Nuys, CA 91401-4517

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1