Alla Tenina, Esq. - SBN 224767
Tenina Law, Inc.
15250 Ventura Blvd, Suite 601
Sherman Oaks, CA 91403
Phone: (213)596-0265
Fax: (310)774-3674
E-Mail: alla@teninalaw.com
Attorney for Eleonor Goldring,
Creditor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ISAAC NESSIM AZOULAY,<br><br><br>Debtor.<br>_____ | Chapter 13<br><br>Case No.: 1:17-bk-13196-MT<br><br>**ELEONOR GOLDRING'S SUPPLEMENTAL OPPOSITION TO DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT AND FOR AN ORDER HOLDING ELEONOR GOLDRING IN CIVIL CONTEMPT**<br><br>Hearing:<br>Date: January 21, 2021<br>Time: 10:00 a.m.<br>Courtroom: 302<br>Place: 21041 Burbank Blvd<br>      Woodland Hills CA 91367<br><br>HONORABLE MAUREEN A. TIGHE |

TO: HONORABLE MAUREEN A. TIGHE, DEBTOR, DEBTOR'S ATTORNEY, UNITED STATES TRUSTEE AND PARTIES IN INTEREST:

    ELEONOR GOLDRING, an individual/Creditor ("Creditor"), hereby files this Supplemental Opposition to Debtor's Reply on Debtor's Motion for Order to Show Cause RE: Civil Contempt and for an Order Holding Eleonor Goldring in Civil Contempt for Willful

**Eleonor Goldring's Supplemental Opposition to Debtor's Motion for Order to Show Cause -** 1

Violation of Automatic Stay as to Co-Debtor under 11 U.S.C. §1301(a) of the Bankruptcy Code. Creditor incorporates her Opposition to this Supplemental Opposition as if it was fully set forth herein. In support of this Supplemental Opposition the Creditor states as follows.

Creditor's conduct was lawful. If any violation has occurred, it did not arise to the level of willful violation of Co-Debtor's stay. NO damages, attorney's fees or any other penalties are warranted. Creditor's conduct should be evaluated by the totality of surrounding factors, including Debtor and Debtor's counsel bad faith conduct in dealing with the underlying Claim.

I. **DEBTOR'S ALLEGATIONS ABOUT THE SMALL CLAIMS' COURT ACTION AND THREE NOTICES OF THE STAY AS TO CO-DEBTOR ARE WITHOUT MERIT AND MISLEADING**

Debtor counsel's argument as to Creditor's commencement of a small claims court's action and three subsequent notices of the automatic stay as to Co-Debtor are without merit and misleading. Creditor either did not violate any rules or her alleged violation, if any, is NOT willful.

For a conduct to be deemed as willful violation, there has to be a knowledge or awareness of a wrong act. Creditor did not and could not have a knowledge of any wrong act because Creditor filed her action with a small claims court in reasonable reliance on this Court's Order granting the relief from the automatic stay. Creditor, as lay person, would not know that there is a stay as to a Non-Debtor who is not in bankruptcy. She reasonably believed that commencing an action in a small claims court is within her rights (See Opposition: Creditor's Declaration).

Debtor's counsel disingenuously counters this argument by stating that "This protestation of innocence, however, flies in the face of her obtaining legal counsel when she needed to obtain relief from stay to proceed with her unlawful detainer in the Bankruptcy Court. She obviously knew then how to obtain proper legal help." (See Reply: p. 6 ¶17-19)

Debtor's instant argument is without merit because individual parties, such as Creditor, are not represented by attorneys in small claims court. By the same token, Debtor counsel knew that Creditor was represented in the bankruptcy forum on her motion for relief of stay. Despite this knowledge, it appears Debtor's counsel did not serve the Notice of Bankruptcy Stay on Creditor's bankruptcy counsel. The reason for this omission is unclear.

Debtor's counsel then avers in his Motion that "On or about January, 2020, both the Debtor

and his non-filing spouse, Hanna Bick, were served with a State Court Complaint by Plaintiff Eleonor Goldring , Case No. 20 VESC00353 (See Exhibit "8"). In response to this Complaint, Eleonor Goldring was served with a Notice of Bankruptcy Stay." (This Notice specifically referred Eleonor Goldring to the stay violation under 11 U.S.C.§1301(a) as it related to the Debtor's non-filing spouse, Hanna Bick (See Exhibit "10"). (See Motion: p. 2 ¶14-19). In the very next sentence, though, Debtor's counsel negates any and all willful wrongdoing of Creditor by stating that "Eleonor Goldring ceased further collection activity as to the Debtor and his spouse until on or about September, 2020, when the Debtor and his Co-Debtor spouse were notified of a State Court proceeding that was pending trial on 9/25/2020..." (See Motion: p. 2 ¶20-23).

Debtor's instant arguments are flawed and misleading in that, except for initiation of a small claims' action in justifiable reliance on the Order for relief of stay, Creditor has not made any further attempts to advance her position. Since Debtor counsel's first Notice of Bankruptcy Stay of January 2020, served on the small claims' court and creditor, the small claims' court took the matter under its consideration, including Debtor counsel's Notice of Bankruptcy Stay and any evidence in support of Debtor's position. (See Opposition: Creditor's Declaration). There were no actions taken by Creditor.

Consequently, Debtor counsel's Second and Third Notices came after the small claims' court judgment on October 10 and 23, 2020 respectively. By that point, this case was completely out of Creditor's hands. Throughout the pendency of this case Creditor has not attempted to make any acts, whether allowed or not, to advance her position. (See Opposition: Creditor's Declaration)

The undersigned counsel also would like to bring to this Court's attention the fact that more than nine (9) months lapsed between Debtor counsel's first Notice of Bankruptcy Stay at the commencement of the small claims case and the judgment. In no time has Debtor's counsel sought this Court's Order to address the underlying issue or at least contacted Creditor's counsel who represented her on relief of stay motion. Debtor's instant Motion should be denied.

## II. DEBTOR COUNSEL AND CO-COUNSEL'S ALLEGED ATTORNEYS' FEES ARE ARBITRARY, UNREASONABLE AND UNLAWFUL

The attorneys' fees presented in Debtor's Reply should be struck down because they are arbitrary and unreasonable and unlawful. The Court should also disallow any fees or damages

because, as stated above, Creditor's small court action was either lawful or justified as not willful.

Debtor counsel's Reply incorporates Declarations with the fee invoices of attorneys Steven L. Bryson, attorney for Debtor and Co-Debtor, in the amount of $15,863.80 and Richard Jacobs, attorney for Debtor and Co-Debtor, in the amount of $4,695.00 in small claims court. (See Debtor's Reply).

The undersigned counsel respectfully objects to these fees and requests this Court to scrutinize these reported fees and find them arbitrary, unreasonable and unlawful.

Declaration of Richard Jacobs' states that "I have, to date, incurred $4,695.00 in attorney fees and cost in defending the State Court action filed against the Debtor and his spouse Hanna Bick by Eleonor Goldring." (See Debtor's Reply: Declaration of Richard Jacobs: p. 1). Richard Jacobs' bill is attached to Debtor's Reply as Exhibit "16."

Richard Jacob's declaration and bill should be struck down because all of his services pertain to the small claims court's representation which disallows attorneys to represent individuals. Also, as shown above, Creditor's small claim action was either lawfully conducted or not willful. In addition, the review of individual items shows that his charges are highly excessive and arbitrary. For instance, review of motion for Contempt is charged at $700.00; Court hearing is charged at $700.00 (See Debtor's Reply: Exhibit "16). The other smaller items are also unreasonable.

Steven L. Bryson, by contrast asserts the fee of $15,863.80, out of which about $2,360.00 is charged in small claims' court related matters and $13,503.80 in fees related to this instant Motion of Contempt. The fees of $2,360.00 should be struck down because they pertain to small claims' court representation which disallows attorneys to represent individuals. These fees are also arbitrary as Steven L. Bryson charges as much as $480.00 for letters regarding violation of co-debtor stay (See Debtor's Reply: Exhibit "15").

The $13,503.80, should be struck down because Creditor's small claim action was either lawfully conducted or not willful.  The $13,503.80 charged for the Contempt Motion is arbitrary and unconscionable. For instance, for "research" on the Motion alone, Steven L. Bryson charged $2,640.00 (6.6 hours at $400.00); on Preparation of Declaration of Bryson, he charged $1,300.00;

on Preparation of Notice of Motion, he charged $1,040.00. The smaller bill items are equally unreasonable.

Thus, the Court should disallow any fees or damages because, as stated above, Creditor's small court action was either lawful or justified as not willful.

### III. CLARIFICATION AS TO "POST-PETITION CLAIM" CHARACTERIZATION OF CREDITOR'S CLAIM IN OPPOSITION TO DEBTOR'S MOTION FOR CONTEMPT

The undersigned counsel for Creditor has to clarify that when she spoke of "post-petition claim" of Creditor, she loosely used this term to actually refer to "post-petition default payment(s)." As a result, any references to "post petition claim" in the Creditor's Opposition should be interpreted as "post-petition default payments." The undersigned counsel further agrees with Debtor's counsel and it is reflected in Creditor's Opposition that the underlining lease on the real property constitutes a claim against the estate and is governed by 11 U.S.C. §365.

The undesigned counsel, however, still maintains the position that 11 U.S.C. §1301(a) should not apply to "post-petition default payments" because there were no "post-petition default payments" yet due on the date of the order for relief and Creditor's cause of action to collect on post-petition payments would not accrue yet.

### IV. THIS COURT ORDER GRANTING MOTION FOR RELIEF OF STAY AS TO DEBTOR WAS NOT FATAL AS TO CO-DEBTOR ON THE ACCOUNT OF CONTINUATION OF EVICTION PROCEEDING

As stated in Creditor's Opposition, the Order granting Motion for Relief of Stay allowed Creditor to obtain possession of the property. Obtaining possession of the property is not the same as "collecting on the consumer debt" as contemplated under 11 U.S.C. §1301. Obtaining possession of the property applies to the stay in that property, not collection against Co-Debtor. Hence, as to obtaining possession of the property, no relief of stay with respect to Co-Debtor was necessary.

### V. DEBTOR AND DEBTOR'S COUNSEL EXHIBITED BAD FAITH CONDUCT IN DEALING WITH CREDITOR'S CLAIM THROUGHOUT THE CASE

Debtor's Reply argues that Creditor's claim is a pre-petition claim. (As stated in the preceding section, Creditor does not dispute the fact that the underlining lease of real property constitutes a claim against the estate and is governed by 11 U.S.C. §365: also see discussion in

section III above).  Debtor's allegation that Creditor has a pre-petition claim, however, is contrary to the Debtor's sworn schedules, statements, matrix, plan and plan confirmation order (See Docket 1; 14; 20; 37) that have NO indication of ANY Creditor's claim or ANY NOTICE to the Creditor.

Debtor's petition (Docket 1) skips any mentioning of Creditor's claim on any schedule or matrix.  Debtor's original and first amended plans do not contain any information on Creditor's claim or its treatment (Docket 14). Debtor's amended schedules (Docket 20) contain no information on Creditor's claim.  The Order confirming the plan (Docket 37) is silent on treatment of Creditor's lease claim.  In addition, contrary to the requirement of 11 U.S.C. 365(d)(1), Debtor had failed to notify the Creditor, or any other party for that matter, whether he intends to assume or reject the lease before the confirmation.

This conduct has persisted from the petition date of November 29, 2017 to the plan confirmation order of August 13, 2018. It was not until April of 2018, when Creditor has initiated unlaful detainer proceeding when she first found out of this bankruptcy. The Motion for Relief of Stay had followed and Order granting the relief was entered.

If there is no pre-petition claim, as one can infer from Debtor's schedules, statements, matrix and plan, then there can be no violation of 11 U.S.C. §1301(a). If, on the other hand, there is a pre-petition claim as Debtor's counsel now urges, then Debtor repeatedly supplied false information to the Court under oath as to the completeness of schedules, statements and plan.

## VI.    CONCLUSION

Based on the foregoing, Debtor's Motion for Contempt Order should be denied.

Dated: January 19, 2021

_Alla Tenina_, Attorney for
Eleonor Goldring, Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15250 Ventura Blvd. Suite 601
Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled (*specify*): ELEONOR GOLDRING'S SUPPLEMENTAL OPPOSITION TO DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT AND FOR THE ORDER HOLDING ELEONOR GOLDRING IN CIVIL CONTEMPT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/19/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- United States Trustee (SV)  ustpregion16.wh.ecf@usdoj.gov
- Elizabeth (SV) F Rojas (TR)  cacb_ecf_sv@ch13wla.com
- Steven L Bryson    slblaw1@aol.com, ecf.SLB@gmail.com
- Gary J Holt    centralecf@gmail.com, G2810@notify.cincompass.com
- Lane M Nussbaum    lnussbaum@nussbaumapc.com, info@nussbaumapc.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/19/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Maureen A. Tighe
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/19/2021 | ALLA TENINA | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                 F 9013-3.1.PROOF.SERVICE